**Clyde Bernard TARVIN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16905.**

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

Leslie D. Page, Ponca City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Ray Parks, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Clyde Bernard Tarvin, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County, Oklahoma for the offense of Unlawful Sale of Lysergic Acid Diethylamide (L.S.D.). His punishment was fixed at five (5) years imprisonment and a fine of $1,000, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Thomas Key testified that he was an agent of the Oklahoma Bureau of Investigation, and that on December 6, 1970, he gave nine one-dollar bills to Anthony Ivers at the police station in Ponca City. On December 9, 1970, he obtained two small, round yellow tablets from Detective Shelton and transmitted them in a special envelope to the Bureau of Investigation's laboratory in Oklahoma City.

Anthony Ivers testified that he was a student in law enforcement at Northern Oklahoma College. He testified that he first became acquainted with Agent Key in his classes at college. He testified that he volunteered to aid the officers in buying drugs. On December 6, he received nine dollars from Agent Key at the Ponca City Police Department. On December 8, he went to the defendant's apartment in Ponca City, and purchased two tablets from the defendant for nine dollars. He subsequently turned the tablets over to Detective Shelton.

Detective Shelton testified that he obtained the two tablets from Ivers on December 8, which were turned over to Agent Key the following day. He testified that he placed the defendant under arrest, and after advising him of his Miranda rights, the defendant asked who "busted him," and stated that he would get a weapon and shoot his head off. The defendant further stated that he made as high as $75.00 a day selling L.S.D. in November, but did not recall selling any in December.

The parties stipulated that if John McAuliff were present he would testify that he was a chemist for the Oklahoma Bureau of Investigation, and that he received the tablets and after conducting a chemical analysis determined that they were L.S.D.

For the defense, Vilayes Adams testified that on December 8, 1970, she was at the defendant's apartment, and she did not remember Ivers coming to the apartment, nor did she see any drug transactions.

The defendant testified that on December 8, Anthony Ivers came to his apartment and offered to sell him marijuana. He denied selling L.S.D. to Ivers. He testified that he did ask Officer Shelton who "busted" him, but denied threatening to blow the person's head off. He did not remember telling the officer that he had sold $75.00 worth of L.S.D. tablets during the month of November.

The sole proposition asserts that the punishment is excessive. We have consistently held that we are without authority to modify a sentence unless we can conscientiously say under all the facts and circum-

stances that the sentence was so excessive as to shock the conscience of the court. Roberts v. State, Okl.Cr., 473 P.2d 264. From the foregoing statement of facts, we cannot conscientiously say that the punishment imposed, although the maximum, shocks the conscience of this Court; however, we must observe that the Record affirmatively reflects that the defendant is indigent. See Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), although there is no showing that the defendant would, in fact, be indigent at the conclusion of his imprisonment, we are of the opinion that justice would best be served by modifying the judgment and sentence of imprisonment to a term of five (5) years, and as so modified, the judgment and sentence is affirmed.

BRETT, J., concurs.